UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
| MARK PELLEGRINO, | REPORT |
|  | and |
| Plaintiff, | RECOMMENDATION |
|  | ---------------------------- |
| v. | DECISION |
|  | and |
| CAPITAL ONE, | ORDER[1] |
|  |  |
| Defendant. | 19-CV-851Si(F) |

_____

APPEARANCES:      MARK PELLEGRINO, *Pro se*
                  859 Richmond Avenue
                  Buffalo, New York  14222

                  HUNTON ANDREWS KURTH LLP
                  Attorneys for Defendant
                  ALIZA MALOUF, of Counsel
                  1445 Ross Avenue
                  Suite 3700
                  Dallas, Texas  75202
                       and
                  SILVIA NOEMI OSTROWER, of Counsel
                  200 Park Avenue
                  52nd Floor
                  New York, New York  10166

## JURISDICTION

This case was referred to the undersigned by Honorable Lawrence J. Vilardo[2] on

July 30, 2019, for all pretrial matters including preparation of a report and

recommendation on dispositive motions.  The matter is presently before the court on

Plaintiff's motions for a special appearance (Dkt. 16), filed October 17, 2019, and for

_____

[1] Although the pending motions in this action seek both dispositive and nondispositive relief, all the motions are addressed in this combined Report and Recommendation/Decision and Order in the interests of clarity and judicial economy.
[2] By text order entered February 14, 2020, the matter was reassigned to Honorable John L. Sinatra, Jr.

summary judgment (Dkt. 38), filed February 10, 2020, as well as on Defendant's

motions for summary judgment (Dkt. 56), filed June 8, 2020, to have Plaintiff deemed a

vexatious litigant (Dkt. 59), filed July 23, 2020, and for sanctions (Dkt. 64), filed March 1,

2021.

## BACKGROUND and FACTS[3]

On March 3, 2015, Plaintiff Mark Pellegrino ("Plaintiff" or "Pelligrino"), applied

online for a credit card with Defendant Capital One Bank (USA), N.A. ("Defendant" or

"Capital One"). Defendant approved the application and issued Plaintiff a credit card

("the credit card") with an account number ending in 0870 ("the account"), which Plaintiff

activated upon receipt. Plaintiff used the credit card and made regular payments on the

account until February 10, 2017, the date of Plaintiff's last credit card payment. As of

September 18, 2017, the account had a past due balance of $ 4,098.57 ("the debt"),

and the account was "charged off," *i.e.*, written off by Defendant as a loss and closed to

future charges by Plaintiff, and Defendant then reported the delinquency to credit

reporting agencies ("CRAs").

On February 11, 2019, Plaintiff sent a letter ("debt dispute letter")[4] to Defendant

disputing the debt pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

*et seq*. ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

("FCRA"). By letter to Plaintiff dated February 26, 2019 ("debt validation letter")[5]

Defendant validated the debt and confirmed the accuracy of its credit reporting. By

---

[3] The Facts are taken from the pleadings and motion papers filed in this action.
[4] A copy of the debt dispute letter is filed as Defendant's Exh. A-5 (Dkt. 56-2 at 121-22).
[5] A copy of the debt validation letter is filed as Defendant's Exh. A-6 (Dkt. 56-2 at 123).

letters to Defendant dated February 28, 2019, and March 18, 2019 ("subsequent debt dispute letters"),[6] Plaintiff again disputed the debt under both the FDCPA and the FCRA, requesting Defendant investigate and delete the debt from Plaintiff's credit report. By letter to Plaintiff dated March 29, 2019 ("subsequent validation letter"),[7] Defendant again validated the debt and confirmed the accuracy of its credit reporting.

On April 2, 2019, Plaintiff commenced the instant action in New York Supreme Court, Erie County, alleging Defendant violated the FDCPA and the FCRA by failing for several years to provide Plaintiff with evidence validating the debt and damaging Plaintiff's credit. On June 24, 2019, the matter was removed to this court on the basis of federal question jurisdiction. On October 17, 2019, Plaintiff filed the Notice of Motion for Special Appearance seeking to proceed in this action as a "sovereign citizen" (Dkt. 16) ("Plaintiff's Special Appearance Motion"), attaching in support the Affidavit of Sovereignty (Dkt. 16 at 3-8) ("Plaintiff's Sovereignty Affidavit"). On November 26, 2019, Defendant filed Defendant Capital One Bank (USA), N.A.'s Response in Opposition to Plaintiff's Motion for Special Appearance (Dkt. 30) ("Defendant's Response – Special Appearance").

On January 27, 2020, Defendant served Plaintiff with Requests for Admissions pursuant to Fed.R.Civ.P. 36(a) ("RFAs"). It is undisputed that Plaintiff never responded or otherwise objected to the RFAs. *See* Dkt. 56-3 ¶¶ 12-14.

---

[6] Copies of the subsequent debt dispute letters are filed as Defendant's Exhs. A-7 and A-8 (Dkt. 56-2 at 124-25).
[7] A copy of the subsequent validation letter is filed as Defendant's Exh. A-9 (Dkt. 56-2 at 126).

On February 10, 2020, Plaintiff filed his motion for summary judgment (Dkt. 38) ("Plaintiff's Summary Judgment Motion"),[8] attaching in support an affidavit/affirmation ("Plaintiff's Affidavit") and exhibits.  On April 2, 2020, Defendant filed Defendant Capital One Bank (USA), N.A.'s Response in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 49) ("Defendant's Summary Judgment Response").  On June 8, 2020, Defendant moved for summary judgment (Dkt. 56) ("Defendant's Summary Judgment Motion"), attaching Defendant Capital One Bank (USA), N.A.'s Statement Pursuant to Local Rule 56(a)(1) (Dkt. 56-1) ("Defendant's Statement of Facts"), appendices A and B (respectively, Dkts. 56-2 and 56-3) ("Defendant's Appx. __"), and Defendant Capital One Bank (USA), N.A.'s Motion for Summary Judgment and Memorandum of Law in Support of Motion for Summary Judgment (Dkt. 56-4) ("Defendant's Summary Judgment Memorandum").  On June 29, 2020, Plaintiff filed the Affidavit of Fact and Order for Summary Judgment Against Defendant (Dkt. 58) ("Plaintiff's Summary Judgment Response").

On July 23, 2020, Defendant filed Defendant Capital One Bank (USA), N.A.'s Notice of Motion to Deem Plaintiff a Vexatious Litigant and Require Him to Obtain Permission from the Court Prior to Filing Further Requests for Relief Against Capital One Bank (USA), N.A., Its Employees, and Attorneys (Dkt. 59) ("Defendant's Motion to Deem Plaintiff a Vexatious Litigant"),[9] attaching Defendant Capital One Bank (USA),

---

[8] As the motion does not specify that Plaintiff seeks summary judgment on only some claims but generally seeks summary judgment, the court liberally construes the motion as seeking summary judgment on all claims.

[9] A motion to deem a party as a vexatious litigant and for a prefiling injunction without prior court approval is made pursuant to the All Writs Statutes, 28 U.S.C. § 1651(a), and seeks dispositive relief.  *Matter of Hartford Textiles Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) ("The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute."), *cert. denied*, 459 U.S. 1206 (1983).

N.A.'s Motion to Deem Plaintiff a Vexatious Litigant and Require Him to Obtain Permission from This Court Prior to Filing Further Requests for Relief Against Capital One Bank (USA), N.A., Its Employees, and Attorneys and Memorandum of Law in Support (Dkt. 59-1) ("Defendant's Memorandum – Deem Plaintiff Vexatious"), five volumes of exhibits A through V (Dkts. 59-2 through 59-6) (Defendant's Exh(s). __"), and the Declaration of Aliza Malouf, Esq., in Support of Defendant Capital One Bank (USA), N.A.'s Motion to Deem Plaintiff a Vexatious Litigant and Require Him to Obtain Permission from This Court Prior to Filing Further Requests for Relief Against Capital One Bank (USA), N.A., Its Employees, and Attorneys (Dkt. 59-7) ("Malouf Declaration").

On July 27, 2020, Defendant filed Defendant's Response in Opposition to Plaintiff's "Affidavit of Fact and Order for Summary Judgment Against Defendant" [ECF No. 58] (Dkt. 60) ("Defendant's Summary Judgment Reply").  Plaintiff never responded in opposition to Defendant's Motion to Deem Plaintiff a Vexatious Litigant, but on January 22, 2021, Defendant filed the Notice of [*sic*] and Response to Plaintiff's Correspondence and Supplement in Support of Defendant Capital One Bank (USA) N.A.'s Motion to Deem Plaintiff a Vexatious Litigant (Dkt. 62) ("Defendant's Reply - Deem Plaintiff Vexatious").

On February 12, 2021, Plaintiff filed the Affidavit of Truth (Dkt. 63) ("Plaintiff's Affidavit"), in which Plaintiff advises he is seeking discovery from Defendant.  On March 1, 2021, Defendant filed Capital One Bank (USA), N.A.'s Response in Opposition to Plaintiff's "Affidavit of Truth" and Motion for Sanctions (Dkt. 64) ("Defendant's Motion for Sanctions"), requesting an award of reasonable attorney's fees pursuant to Fed.R.Civ.P. 11(b)(1).

Based on the following, Plaintiff's motion for a special appearance is DENIED; Plaintiff's motion for summary judgment should be DENIED; Defendant's motion for summary judgment should be DENIED in part and GRANTED in part; and Defendant's motion to have Plaintiff deemed a vexatious litigant and for issuance of a filing injunction should be DENIED, and Defendant's motion for sanctions is DENIED.  The Clerk of Court should be directed to close the file.

## DISCUSSION

1.    *Pro se* **Complaint**

Initially, the court considers how to construe the Complaint the substance of which alleges, in its entirety,

> Capital One has failed to validate debt accord[ing][10] to F[D]CPA Rules 609 & 15 U.S.C. 1692.  Also on Telephone Communications Act & license.  Had asked them to validate several times over a period of a few years.  They never complied with the law or provided any evidence after requesting for full print up of debt to Audit.  Also requested other info or to have debt removed and defendant did not comply.  Debt has shown up on Credit Report and has cause damages to credit.

Complaint at 1.

Despite its bareness, the court recognizes Plaintiff is proceeding *pro se*.  Significantly, "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (further internal quotation omitted)).  As such, "'[s]pecific facts are not necessary,' and . . . the complaint 'need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Id*.

---

[10] Unless otherwise indicated, bracketed material has been added.

(quoting *Erickson*, 551 U.S. at 94 (further internal quotation omitted)).  The Second Circuit instructs courts to "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal citation and quotation omitted).  Against this backdrop, the court construes Plaintiff as asserting claims pursuant to the FDCPA, the FCRA, and the Federal Telephone Consumer Protection Act, 44 U.S.C. § 227 *et seq*. ("TCPA"), relative to the unpaid debt on Plaintiff's credit card account with Defendant.[11]

## 2.    Special Appearance

Plaintiff's Special Appearance Motion seeks permission to proceed in this action as a "sovereign citizen."  Plaintiff's Sovereignty Affidavit, *passim*.  Defendant opposes the motion as without legal basis.  Defendant's Response – Special Appearance at 2-3.

The Second Circuit describes "sovereign citizens" as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."  *United States v. Ulloa*, 511 Fed.Appx. 105, 106 n. 1 (2d Cir. 2013).[12]  "'The 'sovereign citizen' belief system has been described by other courts as completely without merit, patently frivolous, and having no conceivable validity in American Law.'"  *United States v. Bommer*, __ F.Supp.3d __, 2020 WL 1963159, at * 2 (W.D.N.Y. Apr. 21, 2020) (quoting *Wellington v. Foland*, 2019 WL 3315181, at * 10 (N.D.N.Y. July 24, 2019) (citing cases)).  *See Paul v.*

---

[11] The court notes the Complaint has been similarly construed by Defendant, *see* Defendant's Summary Judgment Response, *passim*, and Defendant's Summary Judgment Memorandum, *passim*, and Plaintiff has not objected to such construction.

[12] Despite his purported status as such a "sovereign citizen," Plaintiff sought to litigate his claims in New York State Court.

*New York*, 2013 WL 5973138, at * 3 (E.D.N.Y. Nov. 5, 2013) (discussing that declaring sovereign citizen status does not enable a plaintiff to violate state and federal laws without consequences).  Plaintiff references no caselaw or other legal authority to the contrary and the court's research reveals none.  Accordingly, Plaintiff's Special Appearance Motion seeking permission to appear as a sovereign citizen, a status not recognized by federal courts, is DENIED.

### 3.    Summary Judgment

Both Plaintiff and Defendant move for summary judgment on Plaintiff's claims. Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  The court is required to construe the evidence in the light most favorable to the non-moving party, *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011), and summary judgment may not be granted based on a credibility assessment.  *See Reyes v. Lincoln Automotive Financial Services*, 861 F.3d 51, 55 (2d Cir. 2017) ("Adverse parties commonly advance conflicting versions of the events throughout a course of litigation. In such instances on summary judgment, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." (citations, quotation marks, and brackets omitted)).  The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any

source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322; *see Anderson*, 477 U.S. at 247-48 ("summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). "A fact is material if it 'might affect the outcome of the suit under governing law.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

"[T]he evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988)). A defendant is entitled to summary judgment where "'the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on'" an essential element of a claim on which the plaintiff bears the burden of proof. *In re Omnicom Group, Inc., Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (quoting *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992)). Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995). "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996). "An issue of fact is genuine and material if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Cross Commerce*

*Media, Inc. v. Collective, Inc.*, 841 F.3d 155, 162 (2d Cir. 2016) (citing *SCR Joint*

*Venture L.P. v. Warshawsky*, 559 F.3d 133,137 (2d Cir. 2009)).

In the instant case, Plaintiff argues in support of summary judgment that

Defendant has not produced any witness with first-hand knowledge of the account nor

any original documentation establishing Plaintiff incurred the debt, and that by reporting

the debt to CRAs, Defendant damaged Plaintiff's credit rating, reputation, and personal

financial security.  Plaintiff's Affidavit ¶¶ 3-4.  Defendant argues Plaintiff's Summary

Judgment Motion should be denied, and Defendant's Summary Judgment Motion

should be granted, because Plaintiff failed to file a statement of material facts as

required by Local Rules of Civil Procedure – WDNY, Rule 56(a)(1) ("Local Rule

56(a)(1)"), Defendant's Summary Judgment Response at 3-4, Defendant's Requests for

Admissions served pursuant to Fed.R.Civ.P. 36(a) ("Rule 36(a)"), must be deemed

admitted based on Plaintiff's failure to respond, and such deemed admissions establish

Defendant is entitled to summary judgment on Plaintiff's FDCPA claim, Defendant's

Summary Judgment Response at 4-6; Defendant's Summary Judgment Memorandum

at 3-4, and Plaintiff's FCRA claim, Defendant's Summary Judgment Response at 7;

Defendant's Summary Judgment Memorandum at 3-4, Plaintiff can establish no

genuine issue of material fact or admissible evidence supporting an FDCPA claim,

Defendant's Summary Judgment Response at 6-7, or an FCRA claim, *id*., at 7-10,

insofar as Plaintiff seeks summary judgment on a claimed violation of the TCPA, raised

for the first time on summary judgment, the claim was not pleaded, *id*. at 10-11,

Plaintiff's FDCPA claim fails as a matter of law because Defendant is not a debt

collector as defined by the FDCPA, Defendant's Summary Judgment Memorandum at

5-7, and Plaintiff does not have standing to bring a claim under § 1681s-2 of the FCRA, *id*. at 7-9. In opposition to Defendant's Summary Judgment Motion, Plaintiff asserts that Defendant has failed to produce evidence of a contract between Plaintiff and Defendant relative to the account, Plaintiff's Summary Judgment Response at 1-6.

Preliminarily, Plaintiff's failure to comply with Local Rule 56(a)(1)'s requirement that a summary judgment motion be accompanied by a statement of separately enumerated facts as to which the movant maintains are undisputed, does not require denying Plaintiff's Summary Judgment Motion; rather, as relevant here, Fed.R.Civ.P. 56(c) ("Rule 56__") requires a party opposing summary judgment to cite to specific material in the record establishing the existence of a material issue of fact to avoid summary judgment on a claim, and Rule 56(e) permits, but does not require, the court to consider undisputed for the purposes of the motion any fact set forth by the movant which the nonmovant fails to properly address. Local Rule 56 goes a step further by requiring a party moving for summary judgment submit a statement of separately enumerated paragraphs setting forth facts which the movant maintains are undisputed, Local Rule 56(a)(1), and the party opposing summary judgment is required to respond to each separately enumerated paragraph with correspondingly numbered paragraphs containing a short and concise statement explaining why the nonmovant maintains the movant's asserted facts are disputed. Local Rule 56(a)(2). Should the non-movant fail to provide the responding statement of facts, each of the movant's uncontroverted statement of facts may be deemed admitted. *Id*. Nevertheless, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co*., 258 F.3d 62, 73 (2d Cir. 2001). Further,

although pursuant to Fed.R.Civ.P. 56(e)(2), the nonmovant's failure to specifically address each statement of fact permits the court to deem such facts admitted, Rule 56 provides any unchallenged statements may be taken as true only insofar as such facts stated therein are supported by the record. *See Marino v. Schult*, 764 Fed.Appx. 73, 74 (Apr. 4, 2019) ("If a non-moving party fails to comply with local rules governing summary judgment, a district court may rely on a moving party's statement of undisputed facts as long as those facts are supported by the record.") (citing *N.Y.S. Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 649 (2d Cir. 2005)).

Here, although Plaintiff did not submit a separately enumerated statement of facts which Plaintiff maintains are or are not disputed, such a statement is not required under Rule 56(c); rather, pursuant to Rule 56(e) the nonmovant's failure to specifically address each statement of fact permits the court to consider such facts admitted. Fed.R.Civ.P. 56(e)(2) (permitting, *inter alia*, the court to "consider the fact undisputed for purposes of the motion" where the nonmovant "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c) ...."). With further regard to Plaintiff's failure to respond to each of Defendant's separately enumerated purportedly undisputed facts as required by Local Rule 56(a)(2), as discussed above, the unchallenged statements may be taken as true only insofar as such facts stated therein are supported by the record. *Marino*, 764 Fed.Appx. at 74. Accordingly, the court will consider undisputed any factual statement Defendant asserts is undisputed so long as such statement is supported by the record.

With regard to Plaintiff's failure to respond to Defendant's requests to admit served pursuant to Fed.R.Civ.P. 36(a) ("Rule 36___"), the purpose of a Rule 36 request

is to narrow the issues for trial, *see Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.* 194 F.R.D. 76, 80 (W.D.N.Y. 2000) (citing authorities), not to lead to the discovery of admissible evidence as with other discovery devices provided by Federal Rules of Procedure such as interrogatories, document production and disposition practice.  *See Pasternak v. Kim*, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011) (explaining requests for admissions "are not a discovery device at all . . . ." (citing 8B Wright, Miller & Marcus, Federal Practice and Procedure, § 2253 at 324)).  Further, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney," Fed.R.Civ.P. 36(a)(3), and Rule 36(a)(4) provides a party served with a request to admit is required either to admit the request, specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  An answering party may also admit and deny the request in part so long as the party specifies the part admitted and qualifies or denies the rest of the request.  *Id*.  If the answer fails to comply with the rule, the court may order the request be deemed admitted.  *Id.*  Matters deemed so admitted are "conclusively established" and are sufficient to form the basis for summary judgment.  Fed. R. Civ. P. 36(b); *see also Donovan v. Carls Drug Co.*, 703 F.2d 650, 651-52 (2d Cir. 1983) (affirming district court's denial of defendant's request to permit late filing of responses to plaintiff's request for admissions, and considering in support of summary judgment admissions made by failing to timely respond), *rejected on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966) ("It appears well settled that a failure to respond to a request to

admit will permit the District Court to enter summary judgment if the facts as admitted are dispositive"); *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 44 (S.D.N.Y. 1997) ("Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial"). Despite having discretion to excuse a defendant's admissions made by failing to respond, the facts established by Rule 36 admissions cannot be attacked by a non-movant opposing summary judgment and summary judgment may be entered on the basis of decisive facts established by a party's failure to respond to the requests for admission. *Donovan*, 703 F.2d at 652 (italics in original). Accordingly, in the instant case, Defendant's requests for admissions, to which Plaintiff provided no responses, are deemed admitted. *See* Fed.R.Civ.P. 36(a)(3) and (4); *Eshaghian v. C.I.R.*, 89 F.3d 826, 826 (2d Cir. 1995) (affirming tax court's determination that petitioner's failure to respond to Rule 36 requests for admissions supported deeming such requests admitted).

Further, insofar as Plaintiff asserts in opposition to Defendant's Summary Judgment Motion that Defendant has failed to provide Plaintiff with answers to interrogatories and documents responsive to discovery requests, Plaintiff's Affidavit at 1 (Dkt. 38 at 5), as Defendant argues, Defendant's Motion for Sanctions at 1, Plaintiff never moved to compel discovery, the March 2, 2020 deadline for motions to compel discovery has passed, and discovery closed April 6, 2020. *See* November 5, 2019 Scheduling Order (Dkt. 26), ¶ 7. In the absence of a proper motion to compel discovery, the court does not further consider the matter. *See* Local Rules of Civil Procedure – W.D.N.Y. Rule 5.2(a) (stating "all *pro se* litigants shall become familiar with, follow, and comply with the Federal Rules of Civil Procedure, and the Local Rules

of Civil Procedure"); *cf. Swinton v. Livingston County*, 2016 WL 6248675, at * 2

(W.D.N.Y. Oct. 26, 2016) ("[I]t is established law that *pro se* litigants, like those

represented by attorneys, are equally obliged to comply with discovery requirements

under the Federal Rules of Civil Procedure." (citing cases)).

### A.    TCPA

Insofar as Plaintiff attempts to assert a claim under the TCPA, although

Defendant argues this claim was not asserted in the Complaint, but was raised for the

first time on summary judgment, Defendant's Summary Judgment Response at 10, a

plain reading of the Complaint establishes Plaintiff, although inartfully asserted, *see*

Complaint at 1 (referencing "Telephone Communications Act"), does assert the TCPA

as the basis for a claim, and expands on the claim in support of Plaintiff's Summary

Judgment Motion.  Specifically, Plaintiff alleges that he was contacted on his work

telephone line several times about the debt which calls Plaintiff maintains were

harassing in nature and for which Plaintiff seeks damages in the amount of $ 1500 per

violation pursuant to 47 U.S.C. § 227(b)(3)(B) ("§ 227(b)___").  Plaintiff's Affidavit ¶ 3.

There thus is no merit to this aspect of Defendant's argument and therefore Defendant's

motion for summary judgment on this ground should be DENIED.  Nevertheless,

summary judgment should be granted on Plaintiff's TCPA claim.

In particular, as Defendant argues, Defendant's Summary Judgment Response

at 11, Plaintiff also maintains, Plaintiff's Affidavit ¶ 3, that he has yet to request from

Defendant the telephone records to support his TCPA claim, and the period for making

such request has passed.  Accordingly, the claim is without admissible evidence to

support it as Rule 56 requires.  Further, Plaintiff has not put in issue Defendant's use of

a telephone to collect the debt.  In particular, as relevant here, § 227(b) pertains to restrictions on the use of automated telephone equipment, prohibiting "any person within the United States" from making any call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any other service for which the called party is charged for the call . . . ."  As relevant, an "automated telephone dialing system" is denied as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).  Because Plaintiff both fails to allege or to produce any evidence establishing that Defendant made any calls to Plaintiff using either an automated telephone dialing system, or using an artificial or prerecorded voice, summary judgment on Plaintiff's TCPA claim should be DENIED as to Plaintiff and GRANTED as to Defendant.

B.    FDCPA

In support of summary judgment on his FDCPA claim, Plaintiff argues only that Defendant has failed to produce evidence establishing the validity of the debt and the account.  Plaintiff's Summary Judgment Motion at 1.  In contrast, Defendant argues Plaintiff has not, and cannot, prove the elements of an FDCPA claim, especially that Defendant qualifies under the FDCPA as a debt collector.  Defendant's Summary Judgment Response at 6-7; Defendant's Summary Judgment Memorandum at 5-7.  In response, Plaintiff argues Defendants have yet to provide "any or all factual evidence of any contract between Plaintiff and Defendant according to 15 USC 1692g . . . ," Plaintiff's Summary Judgment Response at 1, and further disputes that the exhibits

Defendant filed in support of Defendant's Summary Judgment Motion are insufficient because none of them contain "wet ink signatures" of either Plaintiff or an agent of Defendant.  *Id.* at 2-5.

The FDCPA imposes civil liability on "debt collector[s]" who engage in specifically prohibited debt collection practices.  15 U.S.C. § 1692e. The elements of an FDCPA claim include that (1) the plaintiff is a 'consumer' as defined by the FDCPA; (2) the 'debt' must arise out of transactions that are primarily for personal, family or household purposes; (3) the defendant is a 'debt collector' as defined by the FDCPA; and (4) the defendant must have violated one of the specific statutory prohibitions regarding debt collection communication or activity.  *Flores v. RMA Recovery Group, LLP*, 2021 WL 1572508, at * 3 (W.D.N.Y. Apr. 22, 2021) (internal citation and quotation omitted). Accordingly, to prevail on his FDCPA claim, Plaintiff must establish Defendant is a debt collector as defined by the FDCPA.  *See Qurashi v. Ocwen Loan Servicing, LLC*, 760 Fed.Appx. 66, 68 (2d Cir. 2019) (upholding district court's dismissal of complaint because plaintiffs "have not plausibly alleged that [the defendant] is a debt collector under the FDCPA.").  As relevant, a debt collector is defined for purposes of the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692(a)(6) ("§ 1692(a)(6)").  Accordingly, by operation of § 692(a)(6), to prevail on the FDCPA claim, Plaintiff must establish either that Defendant's principal business purpose is debt collection, or that Defendant regularly attempts to collect debts owed or due to another, *i.e.*, a third party.  Plaintiff,

however, has not alleged or established either, whereas Defendant points to prior cases where Defendant's status as a credit card company and not as a debt collector is recognized and provides evidence documenting Defendant's role as a bank and credit card provider rather than a debt collector, as well as that Defendant issued the credit card which Plaintiff used to accrue the subject debt.  Defendant's Summary Judgment Memorandum at 6-7 (citing cases including, *inter alia*, *McLean-Laprade v. HSBC*, 2013 WL 3930565, at *9 (N.D.N.Y. July 30, 2013) ("Notably, the [FDCPA] statute does not apply to creditors collecting their own debts.")).

Specifically, Defendant submits in support of summary judgment the affidavit of one Amy Myers (Dkt. 56-2 at 1-5) ("Myers Affidavit"), who explains that as Manager of Process Management for Capital One, Myers has access to Capital One's business records including those relating to Defendant's credit card accounts including Plaintiff's account.  Myers Affidavit ¶ 2.  Attached as Exhibit A-3 to the Myers Affidavit is a copy of the credit card agreement between Plaintiff and Defendant, Dkt. 56-1 at 9-14, a plain review of which establishes Defendant is the issuer of the credit card, and thus is the creditor.  Significantly, although Plaintiff objects to the fact that the credit card agreement is not signed by either Plaintiff or Defendant, Plaintiff's Summary Judgment Response at 3, Plaintiff does not dispute that the copy of the credit card agreement accurately reflects the terms of the credit card issued to Plaintiff by Defendant.[13]  *See Salerno v. Credit One Bank, NA*, 2015 WL 6554977, at *4 (W.D.N.Y. Oct. 29, 2015)

---

[13] The court notes that insofar as Plaintiff challenges the credit card agreement because it does not contain any "wet ink" signatures, *id*. at 1-3, Plaintiff does not deny making payments on the account for more than two years before he defaulted on the outstanding debt and it is implausible that Plaintiff would have made such payments if he did not recognize the account as valid, yet because the matter is before the court on summary judgment, the court is prohibited from making such a finding.  *See R.V. Ventures, Ltd. v. Shane*, 112 F.3d 54, 58 (2d Cir. 1997) ("[E]ven where the surrounding circumstances indicate what

("[I]t is clear under New York law that regular use of a credit card constitutes sufficient evidence of the card user's consent to the terms of the agreement governing the account." (citing *Johnson v. Chase Manhattan Bank USA, N.A.,* 784 N.Y.S.2d 921 (Sup.Ct.), *aff'd,* 786 N.Y.S.2d 302 (2004)).[14] As such, because § 1692(a)(6) "does not apply to creditors collecting their own debts," *McLean-Laprade*, 2013 WL 3930565, at * 9, Defendant cannot be held liable for violating § 1692(a)(6) as Plaintiff alleges. Accordingly, summary judgment on Plaintiff's FDCPA claim should be DENIED as to Plaintiff and GRANTED as to Defendant.

## C. FCRA

In support of summary judgment on his FCRA claim, Plaintiff argues that despite several letters complaining about the debt, Defendant has failed to validate the account or to remove the debt from Plaintiff's credit report resulting in harm to Plaintiff's credit report, reputation, and financial security. Plaintiff's Summary Judgment Motion at 1; Plaintiff's Affidavit ¶¶ 2-3. Although Plaintiff does not specify the statutory source for his FCRA claim, Plaintiff does not challenge as incorrect Defendant's consideration of the claim as asserting a violation of Defendant's obligations under 15 U.S.C. § 1681s-2 ("§ 1681s-2__"), including under 15 U.S.C. § 1681s-2(a) to provide accurate information to CRAs, and 15 U.S.C. § 1681s-2(b), to investigate disputed charges. Defendant's Summary Judgment Response at 7-10; Defendant's Summary Judgment Memorandum

---

has been termed, perhaps unfortunately, 'implausibility,' at the summary judgment stage the court should not 'weigh' the evidence in the same manner as a trier of fact.").

[14] Here, there is uncontested evidence that plaintiff received the credit card in March 2015, used the card immediately upon receipt and regularly thereafter, and made payments to Capital One for that use for more almost two years before defaulting. *See* Dkt. 56-2 at 9-120 (copies of Capital One Customer Agreement pertaining to the credit card account and relevant credit card statements).

at 7-9.  Accordingly, the court likewise construes the Complaint as asserting a violation of § 1681s-2.

The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit ... in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."  15 U.S.C. 1681(b).  As relevant, a "consumer reporting agency" or "CRA" is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."  15 U.S.C. § 1681a(f).  Although the FCRA provides that any person who willfully or negligently "fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer," 15 U.S.C. 1681n & o, and enforcement actions may be brought in federal district court, 15 U.S.C. 1681p, only certain of its regulations can be enforced by individuals, while others can only be enforced by government agencies or officials. 15 U.S.C. 1681s-2.  The primary function of the FCRA is to regulate the actions of credit reporting agencies, but the FCRA also imposes obligations on parties, like Defendant in the instant case, that furnish information to such agencies. *See* 15 U.S.C. 1681s-2 (detailing the "[r]esponsibilities of furnishers of information to consumer reporting agencies").

Plaintiff's allegations are that Defendant violated his rights under § 1681s-2(a) and § 1681s-2(b).  As relevant, § 1681s-2(a) provides that a furnisher of information has a duty to report information accurately to credit reporting agencies, and also has an ongoing duty to update and correct the information that it reports.  *Redhead v. Winston & Winston, P.C.,* 2002 WL 31106934, at *4 (S.D.N.Y. Sept. 20, 2002).  These duties, however, are only enforceable by a government agency or official; no private right of action is available under this provision.  *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) (affirming summary judgment granted by district court on claimed violation of § 1681s-2(a) because "the statute plainly restricts enforcement of that provision to federal and state authorities.").  Accordingly, no claim lies against Defendant under § 1681s-2(a) as asserted by Plaintiff.

Pursuant to § 1681s-2(b), when a furnisher of information is notified by the CRA that a consumer disputes the accuracy of the furnished information, the furnisher has an obligation to investigate and undertake certain other actions.  *See Comunale v. Home Depot, U.S.A., Inc.*, 328 F.Supp.2d 70, 77-78 (W.D.N.Y. 2018) (discussing that § 1681s-2(a) relates to the furnishers' duty to report accurate information and to correct inaccurate information, whereas § 1681s-2(b) governs the furnishers' duty upon receiving notice from a CRA that the completeness or accuracy of information provided to the CRA is disputed).  Significantly, unlike § 1681s-2(a), § 1681s-2(b) affords the affected consumer a private right of action. *See, e.g. Elmore v. North Fork Bancorporation, Inc.,* 325 F.Supp.2d 336, 339 (S.D.N.Y.2004) ("Although there is a division of authority, most courts to have considered the issue have concluded that consumers may pursue claims ... with Section 1681s-2(b).").  Nevertheless, here,

Plaintiff cannot prevail on a claim pursuant to § 1681s-2(b) because the undisputed evidence in the record, including the original debt dispute letter and subsequent debt dispute letters, establishes Plaintiff directly notified Defendant, not a CRA, of the debt dispute, yet it is only upon receipt of notice from the CRA that a furnisher of information, such as Defendant under the FCRA, is obligated to comply with the investigative and reporting duties imposed by § 1681s-2(b). *See Comunale*, 328 F.Supp.2d at 80-81 (dismissing for failure to state a claim under § 1681s-2(b) where the plaintiff failed to allege any CRA notified defendant of an asserted credit dispute). Plaintiff thus cannot prevail on his FCRA claim under § 1961s-2(b).

Summary judgment should be DENIED as to Plaintiff and GRANTED as to Defendant on the Plaintiff's FCRA claim.

**4.      Vexatious Litigant and Sanctions**

Defendant moves for an order declaring Plaintiff a vexatious litigant based on what Defendant describes as ongoing harassing conduct toward Defendant, its employees and attorneys, including threatening further legal and criminal actions, and filing New York UCC liens on Defendant and Defendant's attorneys, Hunton Andrews Kurth, LLP ("Hunton"). Defendant's Memorandum – Deem Plaintiff Vexatious at 1-4, 6. Defendant also seeks an award of attorney fees pursuant to Fed.R.Civ.P. 11(b)(1) ("Rule 11(b)(1)"), as sanctions against Plaintiff for engaging in litigation to harass Defendant. Defendant's Motion for Sanctions at 1-3.

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a 'history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an

unnecessary burden on the courts and their supporting personnel.'"" *Lau v. Meddaugh*, 229 F.3d 121,123 (2d Cir. 2000) (quoting *In re Martin–Trigona,* 737 F.2d 1254, 1262 (2d Cir.1984) (further quotation omitted)).  Courts have the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings."  *Lau*, 229 F.3d at 123.  The issuance of a filing injunction is appropriate when a plaintiff "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings."  *In re Hartford Textile Corp.,* 659 F.2d 299, 305 (2d Cir.1981), *cert. denied*, 455 U.S. 1018 (1982); *see also Malley v. New York City Bd. of Educ.,* 112 F.3d 69, 69 (2d Cir.1997) (filing injunction may issue if numerous complaints filed are based on the same events).

In considering whether to enjoin a vexatious litigant from further litigation, the following five factors are weighed:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y.S. Dept. of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (1986).

In the instant case, although it is undisputed that Plaintiff has engaged in conduct of a arguably harassing nature in litigating this action, Plaintiff's conduct does not warrant deeming Plaintiff a vexatious litigant at this time.  Significantly, other actions within the Second Circuit involved numerous baseless action.  *See Iwachiw*, 396 F3d at 528-29 (emphasizing the plaintiff had previously commenced 15 meritless actions).

In particular, although Defendant asserts Plaintiff describes himself as "litigious," Defendant's Memorandum – Deem Plaintiff Vexatious at 1, a check of this court's Case Management/Electronic Court Filing ("CM/ECF") system reveals Plaintiff commenced only one other action in this court, asserting civil rights claims against other defendants. *See Pellegrino v. Fallahee*, 19-CV-1412. A review of the docket for Plaintiff's civil rights case shows the matter was dismissed for failure to state a claim and the file was closed with little involvement by the defendants. Significantly, other actions in which filing injunctions were imposed concerned numerous baseless actions. *See*, *e.g.*, *Iwachiw*, 396 F.3d at 529 (imposing filing injunction where plaintiff filed more than fifteen actions that were dismissed as frivolous); *In re Martin-Trigona*, 737 F.2d at 1260 (plaintiff filed more than 250 civil actions and appeals). Accordingly, the first factor weighs against deeming Plaintiff a vexatious litigant.

As for the second factor, *i.e.*, Plaintiff's motive for pursuing the instant action, the record is not clear, yet the fact that copies of the account statements establish Plaintiff made payments on the account for two years before defaulting on the debt strongly suggests that Plaintiff's motivation in commencing this action was to avoid responsibility for the debt without having his credit rating impaired. If true, such motivation would support Plaintiff's inability to retain counsel in this matter, the third factor. With regard to the fourth factor, because the action is without legal merit or factual basis, Defendant was forced to incur needless expense and an unnecessary burden was foisted upon a congested court. Nevertheless, most of the conduct of which Defendant complains did not involve the court, but was extraneous to this litigation, such as letters to Defendant, its employees and attorneys threatening further legal action. *See*, *e.g.*, June 30, 2020

24

e-mail from Plaintiff to Hunton employee Patricia Lozano[15] (advising Plaintiff would pursue the instant action to the Supreme Court and request criminal action by various law enforcement agencies if Defendant did not accede to Plaintiff's demands); July 7, 2020 Affidavit of Truth and Conditional Acceptance[16] (threatening to add Defendant's attorneys and employee Myers as defendants to this action).  Further, no other sanction against Plaintiff has been contemplated, such that the inefficacy of other sanctions is, at best, speculative.  While the court does not condone Plaintiff's conduct in the matter, including threatening legal proceedings against Defendant's attorney and its employees in the matter, at this time, the factors do not weigh in favor of deeming Plaintiff a vexatious litigant and imposing a filing injunction.

Insofar as Plaintiff seeks an award of sanctions pursuant to Fed.R.Civ.P. 11 ("Rule 11__"), Rule 11(b)(1) provides that "[b]y presenting to the court a pleading, written motion, or other papers . . . an attorney or unrepresented party certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ."  Fed.R.Civ.P. 11(b)(1).  A violation of Rule 11(b) may subject the noncomplying party to sanctions, including, *inter alia*, "nonmonetary directives" or an order directing payment of attorney's fees and other costs resulting from the violation.  Fed.R.Civ.P. 11(c)(1) and (4).  "The purpose of a Rule 11 award 'is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses.'"  *On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 Fed.Appx. 448, 452 (2d Cir. 2009) (quoting *Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 266 (2d

---

[15] Filed as Defendant's Exh. S (Dkt. 59-6 at 4).
[16] Filed as Defendant's Exh. C (Dkt. 59-6 at 53-63).

Cir. 1991)).  Here, given the undersigned is recommending granting summary judgment in favor of Defendant, and in light of the fact that a review of this court's electronic filing system does not corroborate Plaintiff's self-described status as "litigious," an award of sanctions at this time is not necessary to curb litigation abuses by Plaintiff.  Plaintiff is, however, reminded that should the District Judge disagree with the recommendation that summary judgment in favor of Defendant be granted, in which case litigation of the matter would continue, further unnecessary motions and filings that do not advance the litigation may result in a filing injunction and an award of costs as a sanction against Plaintiff.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion for a special appearance (Dkt. 16) is DENIED; Plaintiff's motion for summary judgment (Dkt. 38) should be DENIED; Defendant's motion for summary judgment (Dkt. 49) should be DENIED in part and GRANTED in part; Defendant's motion to have Plaintiff deemed a vexatious litigant and for issuance of a filing injunction (Dkt. 56) should be DENIED; Defendant's motion for sanctions (Dkt. 64) is DENIED.  The Clerk of Court should be directed to close the file.

SO ORDERED, as to Plaintiff's motion for a special
appearance, and as to Defendant's motion for sanctions.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to the motions for
summary judgment and to have Plaintiff deemed
a vexatious litigant and enjoining filing,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    July 28th, 2021
          Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      July 28th, 2021
            Buffalo, New York