UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK PELLEGRINO,

    Plaintiff,

v.                                            19-cv-851 (JLS) (LGF)

CAPITAL ONE, [1]

    Defendant.

---

## DECISION AND ORDER

    Mark Pellegrino filed a complaint in New York Supreme Court, Erie County, alleging Defendant Capital One violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Telephone Consumer Protection Act, 44 U.S.C. § 227, by failing to provide him with evidence validating a past due credit card balance of $4,098.57. On June 24, 2019, Defendant removed the case to this Court based on federal question jurisdiction. Dkt. 1. On July 30, 2019, the Court referred the case to United States Magistrate Judge Leslie Foschio for all pre-trial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 4. Pursuant to the referral order, Judge Foschio was to hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). *Id.*

---

[1] The Court notes that Defendant has indicated that it was incorrectly named as "Capital One," when it should have been named "Capital One Bank (USA), N.A."

Both parties moved for summary judgment. Pellegrino argues he is entitled to summary judgment because Defendant failed to produce any original evidence establishing that he owes the debt, and fraudulently reported such debt to credit reporting agencies damaging his credit rating, reputation, and personal financial security. Dkt. 38. Defendant argues that Pellegrino's claims are meritless and that, based on the undisputed facts, it is entitled to summary judgment. Dkt. 56. Responses and replies were filed on both motions. Additionally, several other motions were filed by the parties, including Defendant's motion to deem Pellegrino a vexatious litigant. Dkt. 59.

On July 28, 2021, Judge Foschio issued a Report and Recommendation/Decision and Order ("R&R") that, among other things, recommends denying Pellegrino's motion for summary judgment and Defendant's motion to deem Pellegrino a vexatious litigant, and denying in part and granting in part Defendant's motion for summary judgment. Dkt. 65. Neither party filed objections. However, also pending before the Court is Pellegrino's motion for an extension of time to file new evidence that was not presented to Judge Foschio. Dkt. 68. He requests an extension "to prove his case and to allow the [D]efendant and [C]ourt to review exhibits entered." *Id.*

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

2

P. 72(b)(3).  Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Based on the Court's review and the absence of any objections, the Court accepts and adopts the R&R.  Further, regarding Pellegrino's motion for an extension of time to file additional exhibits, courts generally do not consider new evidence that could have been raised before a magistrate judge but was not. *Cortright v. Belloma*, No. 13-CV-865A, 2017 WL 2259092, at *1 (W.D.N.Y. May 23, 2017).  Here, the evidence in question are credit reports from earlier this year—months before the R&R was issued—and recordings of telephone calls from between January 24, 2019 and April 6, 2019—almost 2 years before the R&R was issued. Accordingly, this Court exercises its discretion in refusing to consider Pellegrino's belated submissions.

## CONCLUSION

For the reasons stated above, and in the R&R, Defendant's motion for summary judgment is GRANTED. Pellegrino's motions for summary judgment and for an extension of time, and Defendant's motion to deem Pellegrino a vexatious litigant are DENIED. Pellegrino's claims are DISMISSED. The Clerk of Court shall close this case.

**SO ORDERED.**

Dated:   September 30, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE